FILED

2007 Sep-28  AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE GRIFFIN, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **FRANKLIN COLLECTION** | ) | |
| **SERVICE, INC., a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff by and through counsel, in the above styled cause, and for his Complaint against the Defendant he states as follows:

## Jurisdiction & Venue

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"])[1] regarding inaccurate entries on his credit reports and violations of other applicable federal laws by Defendant, all of whom are considered to be "debt collectors" under the FDCPA. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

2.      This action is also brought under Alabama state law.  These claims are
        brought under 28 U.S.C. Section 1332 as there exists complete diversity and
        the amount in controversy exceeds Seventy Five Thousand Dollars
        ($75,000), exclusive of costs and interests.

3.      The state law claims are also properly before this court based upon
        supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law
        claims form part of the same case or controversy as the federal claims as
        they are based upon substantially similar and overlapping facts.

4.      The Plaintiff, Willie Griffin ("Griffin" or "Plaintiff"), is a natural person
        who resides within the Southern Division of this District.

5.      Defendant Franklin Collection Service, Inc. ("Franklin" or "Defendant") is a
        foreign company that engages in the collection of debts in this judicial
        district.

## FACTUAL ALLEGATIONS

6.      Plaintiff filed bankruptcy and was discharged on January 17, 2007, with the
        Defendant receiving a copy of the discharge order.  The case number was
        06-04028 and it was filed in the Northern District (Southern Division) of
        Alabama Bankruptcy Court.

7.      Despite the court order, the Defendant has continued to report Plaintiff's
        account to one or more of the three national consumer-reporting agencies

2

("CRAs") as having a current balance owed and not showing the accounts as being discharged in bankruptcy as follows:

    a.  Franklin shows $145.00 past due collection account on Trans Union report and Equifax report;

8.    Defendant has intentionally not reported to the CRAs that the account was included in bankruptcy and that they should have a zero balance.

9.    Defendant has intentionally and maliciously refused to report the true balance to the CRAs when Defendant knew that the debt was discharged in bankruptcy.

10.    The effect of these errors on Plaintiff's credit reports has been to negatively impact his credit report, credit worthiness, and credit scores.

11.    The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

12.    Defendant knew and knows that a discharge order means the Plaintiff no longer owe the debts and that the Defendant can no longer collect the debt (such as by reporting a balance on a credit report) but the Defendant has made a corporate decision to willfully and maliciously act contrary to its

3

knowledge in its calculated decision to violate the requirements to properly update the Plaintiff's account.

13.   The Defendant has a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff, who have discharged the debts.  The reason is to keep false information on the credit report.   The false information consists of a balance shown as owed (when Defendant has known since discharge that no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

14.   Defendant updates dozens or more accounts each month with allegedly the correct information regarding the balance but has willfully and maliciously refused to do so with Plaintiff's and with other consumers who are similarly situated who have also received a discharge order on Defendant's debts.

15.   The Defendant has willfully and maliciously failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

16.   The Defendant has promised through its subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy

but the Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act, FDCPA, federal law and state law which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

17.    The Defendant has a policy to "park" its accounts on at least one of the Plaintiff's credit reports.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

18.    In the context of parking an account, the Defendant has an obligation and duty under federal and state law to accurately report the balance and the Defendant willfully and maliciously refuses to do so.

19.    The Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit reports are accessed and this is the malicious and intentional design behind the Defendant's actions with the goal to force the Plaintiff (and similarly situated consumers) to pay on an account the Plaintiff does not owe.

20.     The credit reports of Plaintiff has been accessed since the discharge and therefore the false information of the Defendant has been published to third parties – which is what the Defendant intended to happen.

21.     When the consumer pays the "parked" account, the Defendant claims that such payment was purely "voluntarily" or was to pay off a "moral obligation".   The Defendant knows and intends that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the consumer.

22.     Despite receiving disputes that the Defendant's reporting on accounts included in bankruptcy was false, the Defendant intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the Plaintiff's credit reports.

23.     It is a practice of Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA, FDCPA, federal and state law.

24.     All actions taken by employees, agents, servants, or representatives of any type for Defendant was taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

25.     All actions taken by Defendant was done with malice, was done wantonly, recklessly, intentionally or willfully, and was done with either the desire to

harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

26.    Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant is subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

27.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

28.    Defendant, who is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

a.    Falsely reporting a balance owed on Plaintiff's credit report;

b.    Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt;

c.    Refusing to update the account; and

d.    Failing to show the account as being "disputed" by Plaintiff.

29.    Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

30.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

31.   Defendant published false information about Plaintiff by reporting the Defendant's accounts with a false balance.  Each time the credit reports of Plaintiff was accessed, an additional publication occurred, which was the result intended by the Defendant.

32.   Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

33.   Defendant assumed a duty, through the subscriber agreement with the CRAs and by other actions, to accurately report the balances after individuals, like the Plaintiff, received a discharge.

34.   Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

35.   It was foreseeable, and Defendant did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiff.

36.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendant's accounts; the

handling of any investigations on the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

37. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

38. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## **RELIEF SOUGHT**

39. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

40. Plaintiff also requests all further relief to which he is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

10

**<u>Serve defendants via certified mail at the following addresses:</u>**

Franklin Collection Services, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109