# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE GRIFFIN,** ) | |
|     **PLAINTIFF,** ) | |
| **VS.** ) | **2:07-cv-01755-JHH** |
| **FRANKLIN COLLECTION** ) | |
| **SERVICE, INC.,** | |
| ) | |
|     **DEFENDANT.** | |

## MEMORANDUM OF DECISION

The court has before it the September 17, 2008 motion (doc. # 13) of defendant Franklin Collection Service, Inc. for summary judgment. Pursuant to the court's September 23, 2008 order (doc. #15), the motion was deemed submitted, without oral argument, on November 12, 2008. The motion is due to be granted in full.

### I. Procedural History

Plaintiff Willie Griffin commenced this action on September 26, 2007 by filing a complaint in this court alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 <u>et seq.</u> and Alabama state law. The complaint is premised on credit reporting involving two delinquent medical

accounts. The complaint contends that Franklin wrongfully continued to report these accounts as open for collection, instead of reflecting Griffin's bankruptcy, and that he suffers from economic and emotional distress as a result of the credit reporting. Defendant's motion for summary judgment asserts that it is entitled to judgment as a matter of law.

Franklin filed a brief and submitted evidence[1] (doc. # 14) in support of its position on September 17, 2008. Despite having the opportunity to do so, (see doc. # 15) plaintiff did not respond in any way to the motion for summary judgment.[2]

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] The defendant submitted the following evidence: affidavit of Doretha L. Collier.

[2] The court notes that counsel for plaintiff filed an amended motion to withdraw on August 21, 2008, after a breakdown in the attorney-client relationship. (See docs. # 10 &11.) On September 8, 2008, the court issued an order stating that it intended to grant the motion to withdraw unless the plaintiff showed cause why it should not by October 8, 2008. (Doc. # 12.) In the meantime, the motion for summary judgment was filed and a briefing schedule set. (See docs. #13 -15.) After hearing nothing from the plaintiff regarding the motion to withdraw, the court granted the motion and instructed the plaintiff on the normal pro se procedures.. (Doc. # 18.) The court also allowed plaintiff or new counsel until November 3, 2008 to file a motion to extend discovery and/or extend the briefing schedule regarding the motion for summary judgment. (Id.) Again, the court heard nothing from the plaintiff. Therefore, the motion is properly deemed submitted.

material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. See id. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See id. at 324.

The substantive law will identify which facts are material and which are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. See id. at 249.

The method used by the party moving for summary judgment to discharge

3

its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  See Fitzpatrick, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for

4

the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. See Fitzpatrick, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. See Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

The court beings by noting that it accepts all facts submitted by defendant as true, since plaintiff did not submit any evidence to contradict those submitted by defendant. The following recitation of fact tracts those presented by Franklin in its brief. (See doc. #14).

In 2002, Franklin, a debt collection agency in Tupelo, Mississippi,

received two accounts for collection from UAB Medical Center West for Willie Griffin. One of the accounts had a balance of $145 and the other had a balance of $28. (Doretha Collier Aff. ¶ 3.)  When an account is in active status, Franklin uploads, via computer, reports to the three national credit reporting agencies, Trans Union, Equifax and Experian.  (Id. ¶ 4.)  Franklin's collection efforts on these two accounts were unsuccessful.  (Id. ¶ 3.)

On October 16, 2006, Griffin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, In re Willie Griffin, Case No. 06-04028-TOM7.   Griffin was discharged from bankruptcy on January 17, 2007.  (Compl. ¶ 6.)

After being notified of Griffin's bankruptcy, Franklin ceased collection efforts on the two accounts on October 24, 2006, per its policy. (Collier Aff. ¶¶ 3-5.)  Under Franklin's policy, upon being informed of a debtor's bankruptcy, Franklin uploads "trade line deletions" which completely delete the credit reporting for a particular account.  (Id. ¶ 4.)  Franklin's records reflect that it issued "trade line deletions" to the three credit reporting agencies for the two accounts upon being informed of the bankruptcy and that it did no further reporting to the credit reporting agencies after that time.  (Id. ¶¶ 4-5.)  Additionally, after receiving the instant complaint, Franklin made an inquiry of the

three credit reporting agencies to determine if, as alleged, any of them were reporting past due accounts under Franklin's name for Griffin. (Collier Aff. ¶ 5.) None of the responses from the credit reporting agencies showed any reporting for Franklin. (Id.)

### IV. Applicable Substantive Law and Analysis

Plaintiff's complaint alleges violations of the FDCPA and Alabama state law. The complaint, however, is less than clear regarding which section of the FDCPA Franklin allegedly violated and what state laws were violated. The court addresses the potential federal claim first and state law claims second. For the reasons discussed below, the motion for summary judgment is due to be granted in full.

#### A. FDCPA

Griffin's complaint does not explicitly state an alleged violation of the FDCPA. Instead, it outlines a scheme whereby collection agencies, such as Franklin, continue to report accounts as open and in collection after a debtor has filed for Chapter 7 bankruptcy and has had the debts discharged. This scheme is allegedly known as "parking." The purported purpose of such a scheme is so that collection agencies can continue to pressure the debtor into paying his debt. (See Compl. ¶ 13.) The complaint contends that Franklin has a policy of "parking"

accounts and did so on at least one of Griffin's credit reports. (Id. ¶ 17.)

Whether or not the "parking" theory states a claim under the FDCPA is immaterial. Even if it does, the undisputed facts establish that Franklin received two accounts for collection from UAB and ceased all collection activity after Griffin filed for bankruptcy. Franklin updated the credit reporting to delete all reference to these accounts and did not undertake any further credit reporting regarding these two accounts after their deletion. Moreover, none of the three credit reporting agencies report any past due accounts under Franklin's name for plaintiff. As such, plaintiff has failed to establish any violation of the FDCPA, and summary judgment is due to be granted in favor of Franklin with regard to this claim.

### B. State Law

The complaint appears to set forth state law claims for defamation, negligence, wantonness, and invasion of privacy. Plaintiff's state law claims rest upon the same "parking" theory and credit reporting allegations. All the state law claims fail as a matter of law.

First, the defamation claim fails because Franklin never published any false or defamatory information about Griffin; all reporting was true and accurate at the time it was made. See S.B. v. St. James School, 959 So.2d 72, 100 (Ala. 2006).

Second, the claims for negligence and wantonness fail because Griffin failed to establish that Franklin breached any duty owed to Griffin by Franklin.  See <u>Ex parte Wild Wild West Social Club, Inc.</u>, 806 So.2d 1235, 1239-40 (Ala. 1991). Finally, the undisputed facts do not support a claim for invasion of privacy.  Under Alabama law, an invasion of privacy claim based upon a collector or creditor's collection efforts exists where there is a "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."  <u>Jacksonville State Back v. Barnwell</u>, 481 So.2d 863, 865 (Ala. 1985).  No such activities occurred in this case.  As such, summary judgment is due to be granted in favor of Franklin on Griffin's state law claims.

## V. Conclusion

In summary, the court finds that no material issues of fact remain and that defendant Franklin Collection Service, Inc. is entitled to judgment as a matter of law as to all claims asserted by plaintiff.

A separate order will be entered.

**DONE** this the ___1st___ day of December, 2008.

*/s/ James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE